UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IZELL STEVENS,                          )
                                        )
                Petitioner              )
                                        )
        v.                              )       Case No. 4:12 CV 256 RWS
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                Respondent.             )

## MEMORANDUM AND ORDER

Petitioner Izell Stevens has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody.  Stevens asserts several claims, including that

his plea was not voluntarily or knowingly entered into, that he received ineffective assistance of

counsel, and that his indictment was ineffective as a matter of law.

For the reasons set forth below, I will deny Stevens' motion.

## I.      Background

On December 17, 2009, Stevens was indicted by a federal grand jury.  He was charged

with conspiracy to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§

841(a)(1) and 846.  On May 25, 2010, Stevens pleaded guilty.  At his plea hearing, Stevens

stated, under oath, that the Plea Agreement was true and correct.  (Plea Hr'g Tr. at 8–9).  The Plea

Agreement set forth the following facts:

On or about March 21, 2009, a truck driver, Edgar Miguel Espericueta, was stopped by

Drug Enforcement Agency (DEA) officers near the border crossing port located at Gallup, New

Mexico.  (Plea Agreement at 9, DEA Report of Investigation, Doc #24-1, at 4).  Espericueta was

transporting a shipment of produce containing berries.  Id.  Concealed in the produce shipment

were two duffel bags containing cocaine powder.  Id.  Each of the duffles contained

approximately 30 kilograms of a mixture or substance containing cocaine.  Id.  Espericueta

advised the DEA officers that one of the duffels was to be delivered in St. Louis, Missouri.  Id.

Espericueta  agreed to cooperate with the officers and deliver the duffel bag of cocaine to St.

Louis.  Id.  He advised the law enforcement officers that he would be getting directions by

telephone in regard to where and when to make the delivery.  Id.  As the officers watched,

Espericueta called "El Bule," a person overseeing the transportation of the cocaine, and received

instructions that the bag was to be delivered to a grocery store parking lot.  Id.

Espericueta followed the instructions, drove to St. Louis and waited in the parking lot.  Id.

Stevens, along with another individual, later identified as Jayson Monroe, drove up next to the

truck in a Chrysler 300 automobile.  Id. at 10.  Stevens directed Espericueta to move to another

location, complaining of the large police presence in the area.  Id.  Espericueta refused.  Id.  The

DEA officers then approached the vehicles, intending to arrest Stevens.  Id.  Stevens and Monroe

fled and eluded the DEA officers.  Id.  The Chrysler 300, which Stevens had purchased earlier

that month, was recovered, having been abandoned approximately two miles away.  Id. at 9–10.

On May 25, 2010, Stevens pleaded guilty to an indictment for conspiracy to distribute and

possession with intent to distribute over 5 kilograms of cocaine in violation of 21 U.S.C. § 846

and 841(a)(1).  In exchange for Stevens' plea, the Assistant United States Attorney agreed not to

file any other charges against Stevens relative to his conduct found in the indictment.  Id. at 2.  In

the plea agreement, both Stevens and the Assistant United States Attorney agreed to waive the

right to appeal all sentencing issues provided that the sentence imposed was in accordance with

recommendations in the plea agreement and within the sentencing guidelines range.  Id. at 3.

Stevens agreed to waive all rights to contest his conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.  Id. at 4.

At his plea hearing, Stevens told me, under oath, that he was satisfied with his counsel's representation.  (Plea Hr'g Tr. at 6).  Stevens told me that he had gone over his plea agreement with his counsel and that his counsel answered all of Stevens's questions.  Id. at 8.  Stevens stated that he understood that he had the opportunity to plead not guilty and have a trial by jury, and that he knew there would not be a trial if he entered a guilty plea.  Id. at 6–7.

On August 27, 2010, I sentenced Stevens to a statutory mandatory minimum prison term of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A).  On September 9, 2010, Stevens filed his appeal to the United States Court of Appeals for the Eighth Circuit.  The Eighth Circuit dismissed the appeal on the grounds that Stevens agreed to waive the appeal as part of his plea agreement.  United States v. Stevens, 409 F. App'x 965, 966 (8th Cir. 2011).

Stevens now claims, contrary to what he said under oath at his plea hearing, that his guilty plea was not made knowingly or voluntarily and that he received ineffective assistance of counsel.  He also argues that the indictment was insufficient as a matter of law.

## II.    Grounds for Relief

In his 28 U.S.C. § 2255 motion, Stevens alleges the following grounds for relief:

1.    His plea was not made knowingly or voluntarily because his counsel did not adequately explain the plea agreement or the elements of conspiracy;

2.    He was denied effective assistance of counsel in violation of the Sixth Amendment when his counsel failed to:

(i) advise Stevens of the relevant elements of the conspiracy charge;

(ii) challenge the sufficiency the evidence of Stevens' participation in the conspiracy;

(iii) investigate the authenticity of certain voice recordings linking Stevens with the crime; and

3. The indictment was insufficient as a matter of law.

## III. Standard for § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").  A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'"  United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (quoting Davis v. United States, 417 U.S. 333, 343 (1974)).

"'Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'"  Theus v. United States, 611 F.3d 441, 449 (8th Cir. 2010) (quoting United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001)).  One exception arises

when there is a "miscarriage of justice," but the United States Court of Appeals for the Eighth Circuit has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. Wiley, 245 F.3d at 752. "[T]he Court has emphasized the narrowness of the exception and has expressed its desire that it remain rare and available only in the extraordinary case." Id. (citations omitted). Section 2255 ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

## IV.     ANALYSIS

### A.     Stevens' Guilty Plea Was Made Knowingly and Voluntarily

Stevens alleges that his guilty plea was not made knowingly and voluntarily. He asserts that his attorney did not adequately explain the elements of the charges against him, and that he therefore did not understand them. This claim is directly contradicted by the Plea Agreement, Stevens's plea colloquy, and his sworn testimony at his sentencing hearing.

In his Plea Agreement, Stevens agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to" § 2255 "except for claims of prosecutorial misconduct or ineffective assistance of counsel." (Plea Agreement at 4). During Stevens's plea colloquy, Stevens indicated he understood that by signing the Plea Agreement, he had agreed not to file any other motions or any other lawsuits challenging how his case had been

handled except for a claim that he may have for misconduct by the prosecutor or ineffective assistance by his lawyer. (Plea Hr'g Tr. at 13). The Plea Agreement, and Stevens' plea colloquy, clearly demonstrate that Stevens knowingly and voluntarily waived his right to file this claim.

Because Stevens also has not contested that these waivers were given both "knowingly and voluntarily," the waiver is enforceable. United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) ("If a waiver of appeal is made knowingly and voluntarily, it is enforceable."). However, even if Stevens' challenge to the voluntariness of his plea could be construed as an ineffective assistance of counsel claim, which would survive his waiver of § 2255 post-conviction relief, it still must fail for the reasons stated below.

### B.     Stevens Received Effective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. A claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

To prevail on a claim alleging ineffective assistance of counsel, the defendant must satisfy the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). For a convicted defendant to prove that his counsel was ineffective, the defendant must first show that the counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires the defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A defendant can demonstrate that

counsel's performance was deficient where counsel's performance "'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 522 (2003) (quoting Strickland, 466 U.S. at 688). But "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 690). And "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). If the defendant fails to show that his counsel was deficient, the court need not address the second prong of the Strickland test. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Second, the defendant must demonstrate that the deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the context of a guilty plea, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The Eighth Circuit has described the Strickland test as follows: the questions a court must ask are "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). When evaluating counsel's performance, the court "must indulge in a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Considered objectively, counsel's performance is gauged by "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" Fields, 201 F.3d at 1027 (quoting Strickland, 466 U.S. at 688). "[W]e avoid making judgments based on hindsight." Id. A reviewing court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

To demonstrate prejudice in the context of a motion to vacate, set aside, or correct sentence on basis of ineffectiveness of counsel in failing to investigate, the defendant must show specifically what would have been revealed by further investigation and how the further evidence would have made a different outcome to the trial a reasonable probability. United States v. Hernandez, 450 F. Supp. 2d 950 (N.D. Iowa 2006).

Stevens argues that his counsel's effectiveness should be measured under United States v. Cronic, 466 U.S. 648 (1984), and that I should presume that he has suffered prejudice, because Stevens's Counsel entirely failed to subject the prosecution's case to meaningful adversarial testing. However, only when the surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment claim be sufficient without inquiry into the prejudicial effect of counsel's particularized conduct. Cronic, 466 U.S. at 662. Cronic 's rule applies only when counsel fails to oppose the prosecution throughout a proceeding as a whole, not merely at specific points. Holder v. United States, 721 F.3d 979, 989 (8th Cir. 2013) (internal citations and quotations omitted). When the Supreme Court "spoke in Cronic of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, [the Court] indicated that the attorney's failure must be complete." Bell v. Cone, 535 U.S. 685, 696-97 (2002). Claims

alleging ineffective assistance of counsel for failure to investigate require proving prejudice.

See, e.g., Freeman v. Graves, 317 F.3d 898, 901 (8th Cir. 2003) (proving that an attorney was ineffective for failure to investigate an alibi defense requires a defendant to prove actual prejudice under Strickland.)

Here, Stevens offers a bare assertion that his Counsel's conduct resulted in a complete breakdown in the adversarial process. Stevens' argument seems to be that the cumulative effect of several particular alleged errors resulted in a Cronic failure. Those errors do not rise to the level of a complete breakdown of the adversarial process. Stevens must therefore prove prejudice in order to show that his counsel was ineffective.

### i. Counsel Did Not Fail To Advise Stevens of the Relevant Elements of the Conspiracy Charge

"Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads, he may be held bound." United States v. Frook, 616 F.3d 773, 775 (8th Cir. 2010) (quoting Kercheval v. United States, 274 U.S. 220 (1927)). "The voluntariness of a guilty plea presents a mixed question of law and fact subject to independent review by this court." Porter v. Lockhart, 925 F.2d 1107, 1110 (8th Cir. 1991) (quoting Blalock v. Lockhart, 898 F.2d 1367, 1370 (8th Cir. 1990)).

"The test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Id. at 1110 (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). A guilty plea is voluntary if it is "entered by one fully aware of the direct consequences, including the actual value of any

commitments made to him by the court, prosecutor, or his own counsel . . . ." Brady v. United States, 397 U.S. 742, 755 (1970). "[I]t must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Id. (citation omitted). When a defendant pleads guilty and then later alleges that the plea was not made voluntarily, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, Stevens has failed to show that any information which formed the basis of his sentence was a surprise or was not contemplated by the Plea Agreement.

A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). Stevens has a heavy burden to overcome admissions made at a plea hearing to show that the plea was involuntary and not intelligently entered.

Stevens asserts that his attorney was ineffective for failing to adequately explain the elements of conspiracy. Therefore, his plea was not intelligently entered because if his counsel had not advised him that his "mere presence" was enough to convict him of a conspiracy before he entered his plea of guilty, he would have insisted on going to trial. (Petition at 14).

The written Plea Agreement and stipulation Stevens entered into with the government addressed the voluntariness of the guilty plea. The Plea Agreement contained the following stipulation:

The defendant acknowledges that the defendant has *voluntarily entered* into both this plea and these agreements, recommendations and stipulations. The defendant further acknowledges that this guilty plea is made of *the defendant's own free will* because the defendant is, in fact, guilty of the conduct specified in sections four and five above.

(Plea Agreement at 15) (emphasis added). Furthermore, the Plea Agreement establishes that Stevens was fully advised of the rights he was giving up as a result of his guilty plea. The written Plea Agreement contained the following stipulation:

The *defendant's counsel has explained these rights and the consequences of the waiver of these rights*. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence. *The defendant is fully satisfied with the representation received from defense counsel*. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. *Defense counsel has completely and satisfactorily explored all areas* which the defendant has requested relative to the government's case and any defenses.

(Plea Agreement at 14) (emphasis added).

The record also indicates that Stevens was fully aware of the charge against him and the elements of the offense. Both his sworn testimony and plea stipulation contained a recitation of the factual basis for the plea. (Plea Agreement at 9–13 and Plea Hr'g Tr. at 14–18).

During his plea hearing, Stevens admitted the fact that he was present at the controlled delivery of the cocaine and in fact, fled the area and the State of Missouri. (Plea Hr'g Tr. at 17). His awareness of the elements of the crime with which he was charged is evident from the plea colloquy, wherein the following exchange occurred:

Court:       Did you read that document before you signed it?

Stevens:     Yes, sir.

| | |
|---|---|
| Court: | Did you go over it [with] your attorney? |
| Stevens: | In its entirety, yes, sir. |
| Court: | Okay. And did he answer all your questions? |
| Stevens: | Fully. |
| Court: | Do you believe you understand what's in the document? |
| Stevens: | Yes, sir, I do. |
| Court: | Is everything in the document true? |
| Stevens: | Yes, sir. |

(Plea Hr'g Tr. at 8–9). The plea agreement provided:

As to Count One the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1)(Conspiracy to Distribute and Possess with the Intent to Distribute In Excess of 5 Kilograms of a Mixture or Substance Containing a Detectible Amount of Cocaine), and admits there is a factual basis for the plea and further fully understand that the elements of the crime are:

First: Two or more persons reached an agreement or came to an understanding to distribute cocaine or to possess cocaine with the intent to distribute;

Second: The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

Three: At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

Four: The amount of cocaine involved in the offense was in excess of five (5) kilograms.

(Plea Agreement at 10–11).

Even if Stevens could show that his Counsel failed to adequately explain the elements of the crime for which he was charge, he still would have to "show the outcome of the plea process would have been different with competent advice." <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012). He has not done so.

Stevens' claim that his attorneys were ineffective because they failed to adequately explain the elements of conspiracy is meritless. Because Stevens stated under oath that he was satisfied with the work his counsel had done on his behalf and that he was aware of the charge against him and the elements of the offense, and that he was informed of the consequences of a guilty plea, he cannot overcome the strong presumption that his attorney competently represented him and that his guilty plea was voluntary. The record clearly establishes that he was fully aware of his constitutional rights and that he waived those rights and pleaded guilty.

### ii. Counsel Was Not Ineffective for Failing to Challenge the Sufficiency the Evidence of Stevens' Participation in the Conspiracy

Stevens argues that there is insufficient evidence to convict him with conspiracy to distribute because the evidence merely established that Stevens was present at the scene of a controlled delivery. (Motion at 14 ). Moreover, a conviction for conspiracy must rest on evidence of participation by more than just the defendant and a government informant. <u>Id.</u> Stevens argues that his attorney should have recognized that there was insufficient evidence to convict him of conspiracy and advise him of this fact. <u>Id.</u>

Generally, an alleged insufficiency of the evidence is not a ground for relief under § 2255

absent a showing of exceptional circumstances.  United States v. Johnson, 582 F.2d 1186, 1188 (8th Cir. 1978).  Here, the facts do not merit a finding of exceptional circumstances.  In any case, I find that sufficient evidence supports Stevens' conviction.  As Stevens correctly argues, it is well settled that there can be no indictable conspiracy involving only the defendant and government agents and informers.  United States v. Nelson, 165 F.3d 1180, 1184 (8th Cir. 1999).  However, there was evidence that at least two other persons were involved in the conspiracy: "El Bule," the person directing the conspiracy from afar, and Jayson Monroe, the individual whose fingerprints identified him as the other person in the car with Stevens.  (DEA Report of Investigation, Doc #24-1, at 4–6).

Stevens claims in his affidavit that his presence was the only evidence linking him to the conspiracy.  (Affidavit of Izell Stevens, Doc #1-2, at 8).  However, the record indicates more than "mere presence."  The evidence shows that Stevens drove a vehicle he had purchased bearing stolen tags, parked next to Espericueta's truck, and communicated with Espericueta regarding the necessity to move due to the heavy police presence.  (DEA Report of Investigation, Doc #24-1, at 6).  When he saw law enforcement activate their lights and exit their vehicles in their uniforms, he fled, ramming a government vehicle in the process.  Id.

Moreover, during Stevens' plea colloquy, the following exchange took place;

Court:          For you to have been found guilty after a trial, the United States Attorney would had to have proved the following beyond a reasonable doubt: That two or more persons reached an agreement or came to an understanding to distribute cocaine or possess cocaine with the intent to distribute it; that you voluntarily and intentionally joined in that agreement or understanding

-14-

either at the beginning or at some later time while it was still going on; and

at the time you joined in the agreement or understanding, you knew what

the purpose of it was; and the offense involved more than 5 kilograms of

cocaine. Do you understand that?

Stevens:    Yes, sir.

Court:      If you don't believe the United States Attorney could prove all of those

things beyond a reasonable doubt, you should not plead guilty today. Do

you understand that?

Stevens:    Yes sir.


(Plea Hr'g Tr. at 15).

Later during the same hearing, the Assistant United States Attorney advised both the

Court and Stevens the facts it would prove if the case went to trial:

Rogers:     Your Honor, if this matter had gone to trial, the Government would have

proved beyond a reasonable doubt that on or about March 21, 2009, a

truck driver was stopped at the border near Gallup, New Mexico.  His

truck contained 60 kilograms of cocaine, and he indicated that 30

kilograms of that was supposed to be taken to the St. Louis, Missouri area.

He agreed to transport the cocaine to St. Louis under the direction and

control of the Drug Enforcement Administration, and he, in fact, brought

his truck and trailer up here with the cocaine.  He was in contact with

another party who was directing him on where to make the delivery and

-15-

> when it would be made. Following those instructions, he parked at a
> location in north St. Louis County at #4 Grandview Plaza Court, which is
> near a small strip mall. The defendant drove up next to the truck, tried to
> direct the truck driver to another location because he felt there were too
> many police in the area. At about that time, the DEA agents came up to
> arrest him. Defendant was accompanied by another man, and they drove
> off before they could be arrested, and they actually eluded the DEA agents.
> And the car that they were in was left about two miles away, and they got
> away on foot. The defendant was later arrested in Arizona and brought
> back to the district. And the amount of cocaine that was going to be
> delivered was 30 kilograms.

> Court:     Mr. Stevens, is what the Assistant U.S. Attorney said true?

> Stevens:   Yes sir.

(Plea Hr'g Tr. at 17). At the sentencing hearing, I asked Stevens if he had any objection

to the facts contained within the Presentence Report and Stevens told me that he had no

objections. (Sentencing Hr'g Tr. at 3). Stevens was given every opportunity to state at his plea

and sentencing that his counsel was ineffective but he did not.

Stevens' claim that his counsel was ineffective for failing to challenge the sufficiency of

the evidence is without merit.

### iii. Counsel's Assistance Was Not Ineffective For Failing to Investigate the Authenticity of Certain Voice Recordings Linking Stevens with the Crime

Stevens argues that his counsel rendered ineffective assistance when he failed to investigate the authenticity of, and submit a voice exemplar regarding, the recorded conversation in which Stevens' allegedly tells the truck driver to drive to another location because too many police were in the area. (Motion at 19).

In some circumstances a failure to investigate may be a breach of the duty to act as a reasonably competent attorney, but this breach is not grounds for postconviction relief unless the defendant also shows prejudice. United States v. McMillan, 606 F.2d 245, 247 (8th Cir. 1979).

Stevens states in his affidavit that his voice was not on the tape and that he instructed his counsel to conduct a voice analysis. (Affidavit of Izell Stevens, Doc #1-2 at 10). However, a law enforcement officer who is familiar with the voices on an audio recording can testify to that familiarity and thereby provide a sufficient foundation to identify the voices. United States v. Oslund, 453 F.3d 1048, 1055 (8th Cir. 2006).

As Stevens correctly notes, failure to investigate claims must be accompanied by a comprehensive showing as to what the investigation would have produced. (Motion at 19). He provides, however, no support for the conclusion that an expert would not identify the voice as Stevens', or otherwise show what an investigation of the recordings by his attorney would have produced.

Stevens must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Jeffries v. United States, 721 F.3d 1008, 1012 (8th Cir.

2013) (quoting <u>Strickland</u>, 466 U.S. at 669). The voice identification was a very small part of the evidence in this case. Stevens has not argued how expert analysis of the audio recording could have changed the outcome. This claim is therefore without merit.

Stevens also claims that counsel failed to investigate and challenge the Drug Enforcement Agent's identification of Stevens as the driver of the car that met with the truck driver. He argues that had his counsel done more investigating he would not have entered a guilty plea because the agent's identification would have been called in to question. However, the facts surrounding the identification were known to Stevens at the time he entered his guilty plea. Stevens argues that on March 5, 2010 through March 9, 2010, before he entered his guilty plea, he told his counsel that (in his opinion) it would have been "physically impossible" for the agent to see Stevens in the car because it was night, the agents were parked three spaces away from Stevens' car, and there was a 20 percent black tint on the windows of Stevens' car. (Motion, Ex. 1 at 20] Stevens asserts that his counsel refused to present evidence that it was physically impossible for the agent to observe Stevens. Stevens does not state in what proceeding his counsel should have presented this evidence. Had the case gone to trial, Stevens' counsel would have undoubtedly tried to cast doubt upon the agent's identification of Stevens. This would have been a credibility determination to be decided by a jury. The agent's ability to see Stevens would not have been subject to a pretrial suppression hearing because it was a credibility issue not a question of whether evidence was obtained in violation of Stevens' constitutional rights. Because Stevens and his counsel were well aware of Stevens' challenge to the agent's identification before he entered a guilty plea, his counsel was not constitutionally ineffective for failing to investigate the issue further.

### C.    The Indictment Was Not Insufficient as a Matter of Law

A challenge raising the sufficiency of an indictment is not cognizable in a § 2255 action, absent a showing of exceptional circumstances.  United States v. Johnson, 582 F.2d 1186, 1188 (8th Cir. 1978).  No such circumstances were shown here.  While the indictment here did not precisely track the wording of the statutory offense, it clearly apprised Stevens of the charge and enabled him to prepare a defense.

Moreover, Stevens has waived his right to challenge the sufficiency of the indictment.  As a general rule, a defendant may waive his right to appeal or raise collateral attacks in a plea agreement.  United States v. Carrillo-Castellon, 2013 WL 66641 (8th Cir., Jan. 4, 2013).  Such a waiver is enforceable, provided (1) the defendant knowingly and voluntarily waived his right to appeal; (2) the issues the defendant wishes to appeal fall within the scope of the waiver; and (3) enforcement of the waiver would not result in a miscarriage of justice.  Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011).

During the plea colloquy, the following exchange took place:

Court:          If I sentence you consistent with the plea agreement, you've also agreed
                not to file any other motions or any other lawsuits challenging how your
                case has been handled except for a claim you may have for misconduct by
                the prosecutor or ineffective assistance by your lawyer.

Stevens:        Yes sir.

(Plea Hr'g Tr. at 13).

Stevens made no claim that his attorneys were ineffective in his allegation that the

indictment was insufficient as a matter of law. Thus, Stevens may not challenge the sufficiency of the indictment, because in his plea agreement, he waived all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Stevens knowingly and voluntarily waived his right to challenge the indictment and as a result, Stevens is not entitled to relief on this ground.

### D.    An Evidentiary Hearing is not Warranted

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). However, an evidentiary hearing need not be held if Stevens's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Because the record conclusively shows that Stevens is not entitled to relief as a matter of law, I need not hold a hearing.

## V.    Certificate of Appealability

For this Court to grant a certificate of appealability, Stevens must make a substantial showing that his constitutional right was denied. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. For the reasons set forth above, I find Stevens has not made such a showing. As such, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** the motion of Izell Stevens to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED that** Stevens' motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED that** Stevens' motion to limit his waiver of attorney / client privilege [#21] and his motion to supplement [#26] are **DENIED**.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability, as Stevens has not made a substantial showing of the denial of a federal constitutional right.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2014.